**5**

1  ANTONIA G. DARLING # 76190
   Assistant United States Trustee
2  GREGORY S. POWELL #182199
   ROBIN TUBESING #26680-49 [Indiana]
3  United States Department of Justice
   Office of the United States Trustee
4  2500 Tulare Street, Suite 1401
   Fresno, California 93721
5  Telephone: (559) 487-5002
   Telecopier: (559) 487-5030
6
   Attorneys for August B. Landis,
7  Acting United States Trustee

8                    UNITED STATES BANKRUPTCY COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                        FRESNO DIVISION

11  In re:                                    Case No. 13-10529-B-7
                                              Chapter 7
12  FRANCISCO OROZCO,

13                      Debtor(s).

14  ─────────────────────────────
    AUGUST B. LANDIS,                         A.P. No. 13-1022
15  Acting United States Trustee,
                                              DATE:   June 27, 2013
16                      Plaintiff,            TIME:   10:30 a.m.
    v.                                        PLACE:  United States Courthouse
17                                                    2500 Tulare Street, Fifth Floor
    FRANCISCO OROZCO,                                 Department B, Courtroom 12
18                                                    Fresno, California
                        Defendant(s)          JUDGE:  W. Richard Lee
19

20
              **FINDINGS OF FACT AND CONCLUSIONS OF LAW**
21

22      On June 27, 2013, the Court considered the United States Trustee's complaint.  Mark

23  Pope, Esq., appeared for the Plaintiff.  The Defendant, Francisco Orozco, failed to appear.

24  Having reviewed the pleadings and considered the arguments, the Court now issues the

25  following findings of fact and conclusions of law.

26  ///

27  ///

28  ///

RECEIVED
October 17, 2013
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004994871

**FINDINGS OF FACT**

Case No. 1.:  *In re Francisco Orozco*, Case No. 11-17793-B-7.

     1.   On July 8, 2011, Francisco Orozco ("the Defendant") filed a *pro se* Chapter 7 bankruptcy, Case No. 11-17793-B-7 ("Case No. 1") in the Fresno Division.

     2. On July 29, 2011, the case was dismissed because the Defendant failed to file documents.

Case No. 2.:  *In re Francisco Orozco*, Case No. 11-19061-B-7.

     3. On August 11, 2011, the Defendant filed a *pro se* chapter 7 bankruptcy, Case No. 11-19061-B-7 in the Fresno Division.

     4. On October 28, 2011, the case was dismissed because the Defendant failed to appear at the meeting of creditors.

Case No. 3.:  *In re Francisco Orozco*, Case No. 12-18416-B-7.

     5. On October 2, 2012, the Defendant filed a *pro se* chapter 7 bankruptcy, Case No. 12-18416-B-7 in the Fresno Division.

     6. On November 30, 2012, the case was dismissed because the Defendant failed to appear at the meeting of creditors.

Current Case:  *In re Francisco Orozco*, Case No. 13-10529-B-7.

     7. On Jan 28, 2013, the Defendant filed the Current Case, Case No. 13-10529-B-7, in the Fresno Division of the Eastern District of California.

     8. On the second page of the petition under "All Prior Bankruptcy Cases Filed Within Last Eight Years" the Defendant listed only Case No. 2.

     9. on June 7, 2013, the case was dismissed because the Defendant failed to appear at the meeting of creditors.

Credit Counseling

     10.  The Defendant executed Exhibit D attached to the Petition to indicate he had received mandatory credit counseling in the 180 days before the filing of the Petition but did not have the certificate.

11. Exhibit D requires the Defendant to file the certificate of counseling within 14 days after filing the petition.  No such certificate has been filed.

## JURISDICTION, VENUE, AND STANDING

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157, and 11 U.S.C. § 707(a) and (b).  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J) and (O).  Venue is appropriate in this court pursuant to 28 U.S.C. § 1409(a).

Plaintiff has standing to bring this proceeding under 11 U.S.C. §§ 307 and 707(b).  Under 11 U.S.C. § 307, the United States Trustee may raise and be heard on any issue in any case or proceeding under title 11 (the "Bankruptcy Code").  11 U.S.C. § 707(b)(3)(A) provides that the United States Trustee may request, after notice and a hearing, that the Court dismiss the case, if a debtor has filed a petition in bad faith.

## CONCLUSIONS OF LAW

### A.    DEFAULD JUDGMENT STANDARD

The Plaintiff requests default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule 7055 of the Federal Rules of Bankruptcy Procedure.  The Plaintiff is entitled to entry of judgment by default as a matter of law because the Defendant has failed to appear, answer or otherwise defend the action.  The uncontested judicially noticeable facts in this care are sufficient proof of the elements necessary to grant relief as requested in the Complaint.

### B.    DIMISSAL WITH PREJUDICE UNDER<br>11 U.S.C. § 349(a) and § 707(b)(3)(A)

Under 11 U.S.C. §§ 349(a) and 707(b)(3)(A), the court may dismiss a case with prejudice to the discharge of existing debts on grounds of bad faith, which includes, but is not limited to (a) misrepresentation of facts in the petition or plan, (b) unfair manipulation of the Bankruptcy Code, (c) the debtors' history of filings and dismissals, and (d) timing petitions to frustrate state court actions.

The Defendant's failure to disclose prior cases, serial filings, and false representation regarding credit counseling constitute bad faith and warrant dismissal of the Current Case with prejudice.

**C.     DISMISSAL WITH PREJUDICE UNDER 11 U.S.C. § 707(a) and 109(h)(1)**

Under 11 U.S.C. § 109(h)(1) the Defendant is not eligible to be a debtor in this case because he did not, within 180 days of filing the petition, receive credit counseling from an approved agency.

The Defendant's ineligibility to be a debtor based on his failure to obtain pre-petition credit counseling, constitutes cause for dismissal under 11 U.S.C. § 707(a).

**D.     INJUNCTIVE RELIEF UNDER FED. R. CIV. P. 65**

The Defendant, is a serial bankruptcy filer who has abused the bankruptcy system since July, 2011. In the last two years, the court has dismissed four cases filed by the Defendant. The Defendant knowingly and fraudulently made false oaths in his petition when he failed to disclose Cases No. 1 and 3 as prior cases.

The Defendant's pattern of successive filings and false oaths is evidence of his willful failure to prosecute this cases and abide by the Bankruptcy Code and Rules. The Defendant's sole purpose in filing his successive cases appears to be to invoke the automatic stay to hinder and delay his creditors. The Defendant's behavior constitutes abuse of the bankruptcy system, and without an order barring refiling, the Defendant's creditors are at risk of further serial filings and abuse.

The Defendant's failure to perform duties imposed by the Bankruptcy Code constitutes willful behavior sufficient to impose an 180-day bar against refiling pursuant to 11 U.S.C. § 109(g)(1). However, a 180-day bar is insufficient to protect the Defendant's creditors from the Defendant who has been in bankruptcy since July 2011 without any meaningful payment to his creditors.

The Plaintiff has no adequate remedy at law. The Defendant's actions and omissions hinder the administration of justice and cause creditors and the bankruptcy system irreparable

4

harm.  The Defendant will continue to abuse the bankruptcy process unless this court issues an injunction barring Defendant from filing another bankruptcy case for two years.

### CONCLUSION

For the foregoing reasons, the Court concludes that this case should be dismissed with prejudice and that the Defendant be enjoined from filing any bankruptcy case for two years upon entry of the judgment.  A separate judgment will be issued.

Dated:  Oct 21, 2013

_____
W. Richard Lee
United States Bankruptcy Judge